IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JACOB J. ROCHA,

        Plaintiff,

v.                                            3:13-CV-00918-K-BK

ECOLAB, INC.,

        Defendant.

**FINDINGS, CONCLUSION AND RECOMMENDATION**

Pursuant to *Special Order 3*, this cause came before the undersigned for pretrial management.  Plaintiff filed this action in February 2013.  (Doc. 3).  Defendant filed its *Motion to Dismiss* on October 17, 2013.  (Doc. 15).  Plaintiff was required to file his response, if he opposed the relief requested, by November 7, 2013, but he did not do so.  *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions).  Due to Plaintiff's failure to respond to Defendant's dismissal motion, this Court ordered Plaintiff to respond to the motion no later than January 7, 2014, if he was opposed to the dismissal of his case.  (Doc. 16).  The January 7 deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed to respond to Defendant's dismissal motion and failed to comply with this Court's order directing a response.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case.  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Here, the statute of limitations on Plaintiff's claim of national origin discrimination in violation of Title VII, 42 U.S.C. § 2000e-5, expired on February 28, 2013, the day he filed suit, which was 90 days after he received his right to sue letter from the Equal Employment Opportunity Commission.  (Doc. 6 at 7); 42 U.S.C. § 2000e-5(f)(1).  Thus, dismissal of this claim without prejudice would have the same effect as a dismissal with prejudice.  Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure.  A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  Generally, the court must find one or more of the following aggravating factors:  (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct.  *Id.*

In this case, Plaintiff ignored Defendant's dismissal motion and the Court's order directing him to respond to the motion.  Plaintiff also failed to timely serve this lawsuit on Defendant and missed two court-ordered deadlines to effect service of process on Defendant.  (Doc 8; Doc. 10; Doc. 12).  Since Plaintiff is proceeding *pro se*, the delay caused by his failure to litigate his case is attributable to him alone.  *Id.*  Moreover, given the length of time this case has been pending (nearly 13 months), the undersigned finds that any further delay in resolving it will result in actual prejudice to Defendant.  *Id.*  In light of Plaintiff's intentional failure to respond to Defendant's motion and the Court's order, the age of the case, and the prejudice to Defendant, no

lesser sanction will prompt diligent prosecution of this case. Accordingly, the district court should exercise its discretion to dismiss Plaintiff's Title VII claim under Rule 41(b) even if limitations may prevent further litigation of that claim.

**SO RECOMMENDED** on March 6, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE